UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                                       Case No. 19-cr-20830
                                                                       Honorable Linda V. Parker

THOMAS BLACKBURN,

    Defendant.

_____/

**OPINION AND ORDER DENYING MOTION TO APPOINT COUNSEL**

    This matter is before the Court on Defendant Thomas Blackburn's ("Defendant") motion to appoint counsel. (ECF No. 93.) Pursuant to a Rule 11 plea agreement dated January 17, 2022, Defendant pleaded guilty to: (1) two counts of distribution of a controlled substance (fentanyl and heroin) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (2) two counts of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (3) one count of distribution of a controlled substance (cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (ECF Nos. 45, 92.) Defendant waived his right to appeal under the plea agreement. (ECF No. 45, PageID.209.)

    Defendant was originally sentenced on January 1, 2022; however, this sentence was overturned due to the government's breach of the plea agreement. (*See* ECF No. 63.) Defendant was then resentenced at a hearing held on May 1,

2024, where the Court accepted the plea agreement, and a judgment was filed on May 3, 2024.  (ECF No. 92.)  Defendant was sentenced to 72 months incarceration, per count, to run concurrently.  (ECF No. 92, PageID.749.)  Defendant did not appeal this sentence.

Defendant now seeks appointment of counsel to assist him with filing a motion in relation to the "new 922g law that just came out *U.S. vs. Rhami*." (ECF No. 93.)  The Court believes that Defendant is referring to the case *United States v. Rahimi*, 602 U.S. 680 (2024).  The Court denies Defendant's motion for two reasons.  First, there is no right to counsel at this stage of the proceedings and second, the issues involved in this case are legally and factually straightforward.

Defendant has waived his right to appeal and, regardless, the time for appeal has expired in this case.  As the Defendant seeks a reduction or modification of his sentence, the Court interprets his letter as a motion to appoint counsel to assist with the filing of a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  The right to counsel in federal criminal cases "extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  There is no right to counsel in post-conviction proceedings.  *Id.*; *see also United States v. Augustin*, 16 F.4th 227 (6th Cir. 2021) (no right to counsel in § 2255 proceedings).

The Court has discretion to appoint counsel in these circumstances and can only do so if the "interests of justice so require." *Augustin*, 16 F.4th 227 at 233.

"This standard 'contemplates a peculiarly context-specific inquiry.'" *Id.* (quoting *Martel v. Clair*, 565 U.S. 648, 663 (2012)). The Court should consider "the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Id.* at 234 (quoting *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021)).

The Court declines to appoint counsel here as this case is relatively simple, both legally and factually. The analysis required is limited to the constitutionality of Defendant's § 922(g)(1) convictions under recent Second Amendment case law. The factual inquiry requires a review of Defendant's prior convictions to determine if he was dangerous at the time the government disarmed him. This can be determined without additional factual investigation as the relevant information is included in Defendant's presentence report. (ECF Nos. 81, 85.)

Defendant's sole ground for resentencing is the development of Second Amendment case law. *Rahimi* expanded on a method of analysis that the Supreme Court initially described in *New York State Rifle & Pistol Association v. Bruen* 597 U.S. 1 (2022), which predates Defendant's resentencing, at which he was represented by counsel.

Since *Rahimi*, the Sixth Circuit has held that in light of the nation's history and tradition, "most applications of § 922(g)(1) are constitutional" and the statute is constitutional on its face and "as applied to dangerous people." *United States v.*

*Williams*, 113 F.4th 637, 646 (6th Cir. 2024). However, the court left open the possibility of an as-applied challenge should a defendant prove he is not dangerous "and thus falls outside of § 922(g)(1)'s constitutionally permissible scope[.]" *Id.* It is the role of the district court to make this dangerousness determination.

The *Williams* court provided three categories under which to view a defendant's past conduct to guide the dangerousness analysis. In the first category are crimes against the person, such as "murder, rape, assault, and robbery." *Id.* at 658. The court noted that a history of violent crimes like these are "strong evidence that an individual is dangerous." *Id.* In the second category are crimes that, "while not strictly crimes against the person, may nonetheless pose a significant threat of danger," such as drug trafficking and burglary. *Id.* at 659. The court also implied that a prior conviction for felon in possession of a firearm falls into this second category. *Id.* at 662. The court stated that convictions for these crimes will often "put someone's safety at risk, and thus, justify a finding of danger." *Id*. at 659. The court emphasized that a person who falls into the first two categories will have a very difficult time showing he or she is not dangerous. *Id.*

In the final category are "crimes that cause no physical harm to another person or the community," such as mail fraud and making false statements. *Id.* The court stated that these cases are a "more difficult category," but that district

courts will likely "have no trouble concluding that many of these crimes don't make a person dangerous." *Id.*

When evaluating a defendant's dangerousness, a court may consider a defendant's entire criminal record—not just the specific felony underlying the § 922(g)(1) charge. *Id.* Courts may also consider any evidence of past convictions in the record, as well as other judicially noticeable information, when assessing a defendant's dangerousness. *Id.* at 660.

The conduct underlying the convictions in this case includes Defendant's repeated sale of various controlled substances, including heroin and fentanyl, and firearms to government informants. (ECF No. 81.) Defendant also has multiple prior convictions including: (1) a 2018 conviction for deliver/manufacture of narcotics (cocaine) and (2) a 2018 conviction for carrying a concealed weapon. (*Id.*) Given the recent nature of convictions involving both drug trafficking and the illicit possession of firearms, these convictions lead to a presumption of dangerousness under *Williams* as crimes "that inherently pose[] a significant threat of danger" to others. 113 F.4th at 663.

Given his recent resentencing and the serious conduct underlying the instant convictions, there is no indication that Defendant can rebut the presumption that he was dangerous and could be constitutionally disarmed. Consequently, his § 922(g)(1) convictions are likely constitutional under the Second Amendment.

Nevertheless, the Court attaches a copy of the form for Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody - AO 243 for Defendant's review.

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Appoint Counsel is **DENIED**;

**IT IS FURTHER INSTRUCTED** that the Clerk's office shall serve a copy of form for Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody - AO 243 with this order.

                                                  s/ Linda V. Parker  
                                                  LINDA V. PARKER  
                                                  U.S. DISTRICT JUDGE

Dated: January 13, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 13, 2025, by electronic and/or U.S. First Class mail.

                                                  s/Aaron Flanigan  
                                                  Case Manager